THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JOSHUA RUELL YOE,<br><br>**Plaintiff,**<br><br>v.<br><br>SALT LAKE CITY POLICE "SOR" DEPARTMENT; and CHILI'S RESTAURANT,<br><br>**Defendants.** | MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT<br><br>Case No. 2:24-cv-00933-JCB<br><br>Magistrate Judge Jared C. Bennett |

Pro se Plaintiff Joshua Ruell Yoe ("Mr. Yoe") has consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.[1] Before the court is Mr. Yoe's complaint.[2] Mr. Yoe has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Yoe's complaint under the authority of the IFP Statute. For the reasons stated below, the court finds that Mr. Yoe's complaint fails to state claims upon which relief can be granted, and, therefore, the court orders Mr. Yoe to file an amended complaint by March 10, 2025.

---

[1] ECF No. 7.
[2] ECF No. 1.
[3] ECF No. 4.

**BACKGROUND**

Mr. Yoe's complaint names as defendants Salt Lake City Police "SOR" Department ("SLCPD") and Chili's Restaurant ("Chili's") (collectively, "Defendants").[4] Mr. Yoe's complaint is extremely disjointed and confusing. However, Mr. Yoe's allegations appear to center on the termination of his employment at Chili's due to SLCPD's placement of Mr. Yoe's name on the state sex offender website. Mr. Yoe's complaint contains the following allegations in support of his claims:

- "[Mr.Yoe] discovered a job opportunity at Chili's Restaurant in Downtown Salt Lake City, Utah. [He] communicated [his] interest [and] religious status to [g]eneral management, and received favoring information in response."[5]

- "[Mr. Yoe] informed the state of Texas Detective L. Peck of the opportunity to work in Utah (The State of Texas wrongfully convicted [him] of a crime that required registration, and [he's] been fighting this conviction since . . . 2011)."[6]

- "Detective Peck informed [Mr. Yoe] to visit local law enforcement [SLCPD] . . . [t]o inform them that [he'd] be working at Chili's Restaurant."[7]

- "[Mr. Yoe] visited the police station . . . and met with a social worker who[] asked lots of personal questions he wanted to make personal information. Immediately, [Mr. Yoe] informed him not to publish any information about [Mr. Yoe] on the State of Utah Sex Offender Website."[8]

- "The social worker responded by stating that [t]he State of Texas has convicted [Mr. Yoe] of Sexual Assault criminal charges and labeled [Mr. Yoe] as a High Risk Sex Offender."[9]

---

[4] ECF No. 1.

[5] ECF No. 1-2 at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

- "The social worker was informed that [Mr. Yoe was] religiously affiliated and known as 'Supreme' to [his] [r]eligious brothers and [s]isters which is a source of protection to them."[10]

- "The State of Utah has disrespected, incriminated, and used the sacred name 'Supreme' in vain . . . violated [Mr. Yoe's] rights of [r]eligious [f]reedom . . . the State of Utah publication of [Mr. Yoe] 'Supreme' being a High Risk Sex Offender is [b]lasphemy. This publication criminalized spirituality."[11]

- "[SLCPD's] intrusion of [Mr. Yoe's] rights has jeopardized [Mr. Yoe's] safety and create[d] work[-]place violence against [Mr. Yoe]. [SLCPD's] actions were unreasonable which form and entrapment during [his] employment with [Chili's]."[12]

- "Both [SLCPD] and [Chili's] statements were made with knowledge that [they] were false."[13]

Based upon these allegations, Mr. Yoe asserts causes of action under the First and Fourth Amendments of the United States Constitution and Title VII of the Civil Rights Act of 1964, pursuant to 42 U.S.C. § 1983.

**LEGAL STANDARDS**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[14] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P.

---

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] 28 U.S.C. § 1915(e)(2)(B)(ii).

12(b)(6).[15] Under that standard, the court "look[s] for plausibility in th[e] complaint."[16] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[17]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[18] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[19] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[21] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[22] The twin purposes of a complaint are to give the opposing

---

[15] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[16] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[17] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[18] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[21] *Id.*

[22] *Twombly*, 550 U.S. at 555.

party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[23]

In analyzing Mr. Yoe's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[24] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[25] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[26] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[27]

---

[23] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[24] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[25] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[26] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[27] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[28]

## ANALYSIS

Based upon the following analysis, Mr. Yoe fails to state claims upon which relief can be granted. However, because Mr. Yoe may be able to cure these deficiencies with adequate allegations in an amended complaint, the court affords him the opportunity to do so.

I. **Mr. Yoe's Complaint Fails to State Claims Upon Which Relief Can Be Granted.**

As demonstrated below, Mr. Yoe fails to state claims under section 1983 for violations of: (A) the First Amendment; (B) the Fourth Amendment, or (C) Title VII. The court addresses each issue in turn.

A. <u>Mr. Yoe Fails to State a Claim for Violations of the First Amendment.</u>

Mr. Yoe fails to state a claim for violations of the First Amendment's Free Exercise Clause or Free Speech Clause. The Free Exercise Clause of the First Amendment,[29] "prevent[s] the government from impermissibly burdening an individual's free exercise of religion."[30] An individual's free exercise of religion is burdened if "the challenged action is coercive or compulsory in nature."[31] Mr. Yoe's claim that SLCPD has violated his "freedom of religion and

---

[28] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[29] U.S. Const. amend. I (stating that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof."). While the First Amendment does not apply directly to the states, "the states are precluded from abridging the freedom of speech . . . by force of the due process clause of the Fourteenth Amendment." *Grosjean v. Am. Press Co.*, 297 U.S. 233, 243 (1936).

[30] *Swanson ex rel. Swanson v. Guthrie Indep. Sch. Dist.*, 135 F.3d 694, 702 (10th Cir. 1998).

[31] *Bauchman v. W. High Sch.*, 132 F.3d 542, 557 (10th Cir. 1997).

practices"[32] fails because Mr. Yoe has not alleged that SLPCD coerced Mr. Yoe to abandon a religious belief or tenet. Instead, Mr. Yoe appears to take issue with SLCPD's use of Mr. Yoe's "sacred name 'Supreme'"[33] in its publication of his name on the sex offender website. This act by SLCPD does not impair Mr. Yoe's liberty to exercise his religious faith. Accordingly, Mr. Yoe fails to state a claim under the Free Exercise Clause of the First Amendment.

      Mr. Yoe also fails to state a claim under the Free Speech Clause of the First Amendment.[34] As a general matter, the government may not regulate speech "because of its message, its ideas, its subject matter, or its content."[35] Here, Mr. Yoe has not alleged that SLCPD restricted his speech in any way. Instead, Mr. Yoe appears to allege that SLCPD used his statements during his voluntary interview with SLCPD to determine that Mr. Yoe had been convicted of a sex offense in Texas and, consequently, placed Mr. Yoe on the State of Utah Sex Offender website. Moreover, based Mr. Yoe's allegations, Mr. Yoe's registration on the State of Utah Sex Offender website is a legal requirement based on Mr. Yoe's criminal status in the State of Texas.[36] Because Mr. Yoe has failed to allege that SLCPD restricted his speech, Mr. Yoe fails to state any plausible claim under the First Amendment.

---

[32] ECF No. 1-2 at 1.

[33] ECF No. 1-2 at 2.

[34] U.S. Const. amend. I (stating that "Congress shall make no law . . . abridging the freedom of speech.")

[35] *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95 (1972).

[36] ECF No. 1-2 at 2.

B. <u>Mr. Yoe Fails to State a Claim for Violations of the Fourth Amendment.</u>

Mr. Yoe fails to state a claim of unreasonable force under the Fourth Amendment. The Fourth Amendment applies to arrestees and other "seized" individuals and prohibits the use of unreasonable force.[37] Therefore, to state an unreasonable force claim under the Fourth Amendment, a plaintiff must demonstrate: (1) in using force, the official "seized" the subject within the meaning of the Fourth Amendment; and (2) the force was objectively unreasonable.[38]

Here, Mr. Yoe was not an arrestee because he voluntarily made an appointment with SLCPD and has not demonstrated any "seizure" of his person while at SLCPD. Without some physical contact or meaningful restriction of Mr. Yoe's movement by SLPCD, there is no seizure and, thus, no basis for an unreasonable force claim. Indeed, Mr. Yoe appears to assert that SLCPD used excessive force by "jeopardiz[ing] [Mr. Yoe's] safety and create[ing] work[-]place violence against [Mr. Yoe]" ostensibly by publishing Mr. Yoe's information on the state sex offender website. This is wholly irrelevant to a Fourth Amendment claim. His claim fails.

C. <u>Mr. Yoe Fails to State a Claim Under Title VII.</u>

Mr. Yoe fails to state a claim against Chili's under Title VII. "Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's

---

[37] *U.S. Const. amend. IV* (stating "the right of the people to be secure in their persons … against unreasonable … seizures, shall not be violated"). The Fourth Amendment applies to the states through the Fourteenth Amendment's Due Process Clause. *United States v. Canada*, 76 F.4th 1304, 1307 (10th Cir. 2023).

[38] *Graham v. Connor*, 490 U.S. 386, 395-96 (1989).

race, color, religion, sex, or national origin.'"[39] A plaintiff proves Title VII employment discrimination by either direct evidence of discrimination or following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[40] To set forth a prima facie case of Title VII employment discrimination under that framework, "a plaintiff must establish that (1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, (3) [he] qualified for the position at issue, and (4) [he] was treated less favorably than others not in the protected class."[41] "While the [Rule] 12(b)(6) standard does not require that [the] [p]laintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim."[42] Therefore, to determine whether a plaintiff's complaint states claims upon which relief can be granted, the court examines "the elements a plaintiff must prove to establish a claim for discrimination and retaliation under Title VII."[43]

Under those standards, Mr. Yoe's complaint fails to state a claim of discrimination against Chili's under Title VII because Mr. Yoe fails to allege that he was qualified for his position or that he was treated less favorably than others not in his protected class (i.e., Mr. Yoe's religious beliefs and practices). Even putting these deficiencies aside, Mr. Yoe's complaint fails to satisfy the minimum pleading standards of Rule 8. Indeed, Mr. Yoe's

---

[39] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)).

[40] *Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

[41] *Khalik*, 671 F.3d at 1192.

[42] *Id.* at 1192.

[43] *Khalik*, 671 F.3d at 1192.

allegations concerning the purported discrimination are all conclusory in nature and based upon nothing more than belief or speculation. Accordingly, Mr. Yoe fails to state any claim upon which relief can be granted.

## II. The Court Permits Mr. Yoe to Amend His Complaint.

Based upon the foregoing analysis, Mr. Yoe fails to state any claim upon which relief may be granted. However, dismissal is proper only "if it is obvious that [he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Therefore, the court will allow Mr. Yoe to amend his complaint because he might be able to cure these deficiencies with adequate allegations. Accordingly, the court hereby orders Mr. Yoe to submit an amended complaint by March 10, 2025. The court will then address whether Mr. Yoe's amended complaint states a claim for relief. If it fails to do so, the court may dismiss this action.

### CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Yoe is ordered to file an amended complaint by March 10, 2025. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Yoe's failure to file an amended complaint may result in dismissal of this action.

4. Mr. Yoe's motion to proceed in forma pauperis[44] is TEMPORARILY GRANTED.

---

[44] ECF No. 2.

IT IS SO ORDERED.

DATED this 10th day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge